UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE KELLEY<br>180 Meadowsridge Way<br>Port Angeles, WA 98362<br><br>      Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, D.C.  10002<br><br>      Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Comes now the Defendant, WMATA, by and through counsel, and pursuant to 28 U.S.C. §1446, and provides notice of removal of a civil action from the Superior Court of the District of Columbia.  In support of the removal, the Defendant states as follows:

1. On or about July 31, 2007, Plaintiff filed this action in the Superior Court of the District of Columbia, titled therein as Eugene Kelley v. Washington Metropolitan Area Transit Authority, 2007 CA 005294 B.

2. Defendant Washington Metropolitan Area Transit Authority (WMATA) was formally served with process in this action on September 21, 2007.

3. The Summons, Complaint and Initial Order of the Superior Court accompany this Notice of Removal.  These documents constitute the only process, pleadings or orders received by the Defendant in the action.

4. Additionally, the Answer field by WMATA in the Superior Court is also

attached hereto.

5. This is a civil action over which this Court has original jurisdiction, pursuant to D.C. Code Ann., § 9-1107.01(81) (2001). The court also has jurisdiction pursuant to 28 U.S.C. § 1332 (a), as the Plaintiff is a resident of the State of Washington.

Wherefore, the Defendant, WMATA, requests that the entire action now pending in the Superior Court of the District of Columbia be removed to this Court.

Respectfully Submitted,

Nicholas L. Phucas, 475163
Assistant General Counsel
WMATA
600 5th St., N.W.
Washington, D.C. 20001
(202) 962-2886

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal was served via regular U.S. Mail this 18th day of October 2007, to:

Kara Kristie Bennis, Esquire
J.E. Wingfield & Associates
700 Fifth Street, N.W., #300
Washington, D.C. 20001

Nicholas L. Phucas

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EUGENE KELLEY | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Clallaon County (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, D.C. (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| Kara K. Bennis, Esq., J.E. Wingfield & Associates, 700 Fifth Street, N.W., Suite 300, Washington, D.C. 20001 | Nicholas L. Phucas, Assistant General Counsel, WMATA, 600 Fifth Street, N.W., Room 2D, Washington, D.C. 20001 - (202) 962-2886 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ◉ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ◉ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
WMATA Compact, D.C. Code § 9-1107.01(81); 28 U.S.C. Section 1446. Plaintiff claims injuries from a motor vehicle accident.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,000,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE October 19, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

EUGENE KELLEY
    Vs.                                                   C.A. No.     2007 CA 005294 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                          Chief Judge Rufus G. King, III

Case Assigned to: Judge ROBERT E MORIN
Date: July 31, 2007
Initial Conference: 9:30 am, Friday, November 09, 2007
Location: Courtroom 517
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| Eugene Kelley |
| 180 Meadowridge Way, Port Angeles, WA 98362 |

*Plaintiff*

0005234-07

vs.

| WMATA, serve registered agent C. Burke |
| 600 5th Street, N.W., Washington, D.C. 20001 |

Civil Action No. [        ]

*Defendant*

## SUMMONS

To the above named Defendant:   WMATA, SERVE REGISTERED AGENT C. BURKE

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Kara Kristie Bennis |
Name of Plaintiff's Attorney

| 700 5th Street N.W., suite 300 |
Address
| Washington, D.C., 20001 |

By _Crystal Kelley_
Deputy Clerk

| (202) 789-8000 ext. 134 |
Telephone

Date: ~~July 18, 2007~~  7-31-07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE
SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

EUGENE KELLEY
180 Meadowsridge Way
Port Angeles, WA 98362

Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY (WMATA)
SERVE: Registered Agent
   C. Burke
   600 5th Street N.W.
   Washington, D.C. 20001

Defendant.

Case No:

RECEIVED
Civil Clerk's Office
JUL 3 1 2007
Superior Court of the
District of Columbia
Washington, D.C.

0005234-07

## COMPLAINT

**COMES NOW**, the Plaintiff, Eugene Kelley, by and through counsel, Kara Kristie Bennis and J.E. Wingfield & Associates, and moves this Honorable Court for Judgment against the Defendant Washington Metropolitan Area Transit Authority (hereinafter) WMATA, and for a cause of action states the following:

1. This Court has jurisdiction over the subject matter herein, pursuant to D.C. Code Section 11-921, as amended.

2. On or about August 22, 2004 at approximately 9:45 p.m., the Plaintiff Eugene Kelley was stationary in his vehicle in the Eastbound Lane of the 300 block of H Street, Northwest in Washington, D.C.

3. At said time and place, Defendant WMATA was operating a vehicle traveling in the Eastbound lane of the 300 block of H Street, Northwest in Washington, D.C.

-1-

4. Defendant WMATA had a duty to operate their vehicle with reasonable care and with regards for others using the road.

5. At said time and place, the Defendant WMATA carelessly, recklessly and negligently operated its automobile so that it collided with Plaintiff Eugene Kelley's vehicle.

6. Defendant WMATA's negligence included, but not limited to, failing to keep a proper lookout; failing to pay full time and attention; failing to control his motor vehicle; failing to obey all posted road signs and signals; and failing to avoid a collision with the Plaintiffs' vehicle.

7. As a result of the Defendants negligence, Plaintiff sustained serious and permanent bodily injuries, incurred and continues to incur expenses for medical care and treatment, lost time and money from his employment, sustained and continues to sustain pain, suffering and discomfort, sustained property damage, and was otherwise injured and damaged.

WHEREFORE, the Plaintiff Eugene Kelley demands judgment against the Defendant WMATA, in the amount of One Million Dollars ($1,000,000.00).

Respectfully submitted,

J.E. WINGFIELD & ASSOCIATES

_____
Kara Kristie Bennis, Esquire
D.C. Bar No.: 480808
700 Fifth Street, N.W., #300
Washington, D.C. 20001
(202) 789-8000

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| EUGENE KELLEY<br>180 Meadowsridge Way<br>Port Angeles, WA 98362<br><br>      Plaintiff,<br><br>vs.<br><br><br>WASHINGTON METROPOLITAN<br>   AREA TRANSIT AUTHORITY<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>      Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 2007 CA 005294 B<br>: Judge Morin<br>: Next Event: Initial Conference<br>: November 9, 2007<br>:<br>:<br>:<br>: |

## ANSWER AND JURY DEMAND OF DEFENDANT WMATA

### FIRST DEFENSE

The Complaint herein fails to state a cause of action against Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), for which relief may be granted.

### SECOND DEFENSE

1. WMATA denies the allegations contained in Paragraph 1 of Plaintiff's Complaint, but admits that Jurisdiction of this Court is founded on D.C. Code § 9-1107.01(81).

2. WMATA lacks sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. WMATA lacks sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. To the extent Paragraph 4 of Plaintiffs' Complaint states an incomplete or incorrect legal conclusion, no answer is required. To the extent an answer is required, denied.

5. WMATA denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. WMATA denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. WMATA denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

### THIRD DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the complaint, her injuries, if any, were the sole result of the acts of a person or persons other than WMATA or WMATA's servants, agents, or employees acting within the scope of their employment.

### FOURTH DEFENSE

WMATA reserves the right to assert that Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact, which includes but is not limited to its governmental immunity.

### FIFTH DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was

injured as alleged in the complaint, the injuries, if any, were caused by her contributory negligence and/or assumption of risk.

### SIXTH DEFENSE

WMATA reserves the right to assert this claim is barred by the defense of statute of limitations.

WMATA intends to rely on all defenses available from the evidence at the time of any trial and expressly reserves the right to assert such a defense as the facts become known.

Further answering the Complaint, WMATA denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise answered.

WHEREFORE, having fully answered the Complaint, WMATA respectfully requests that this matter be dismissed and that it be awarded costs.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

/s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel

/s/ Nicholas L. Phucas
Nicholas L. Phucas  #475163
Assistant General Counsel - WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2886

## JURY DEMAND

The Defendant demands a trial by jury on all issues.

/s/ Nicholas L. Phucas
Nicholas L. Phucas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October 2007, a copy of the foregoing Answer and Jury Demand of Defendant WMATA was electronically transmitted to:

Kara Kristie Bennis, Esquire
J.E. Wingfield & Associates
700 Fifth Street, N.W., #300
Washington, D.C.  20001

/s/ Nicholas L. Phucas
Nicholas L. Phucas, #475163