UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE KELLEY

        Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY (WMATA)

        Defendants

Case No. 07-1891

### PLAINTIFF'S RULE 26(a)(2) STATEMENT

The Plaintiff, by and through counsel, pursuant to Federal Rules of Civil Procedure 26(a)(2) and 26(f) respectfully submits the following disclosures regarding his retained and other expert witnesses:

### EXPERTS

1. Dr. Christopher A. Luster, M.D.

    A) All opinions to be expressed by the expert.

The opinions of Dr. Luster, subject to supplementation, are expressed in his progress notes, medical records and bills for the care and management of his patient, Eugene Kelley, that are attached. The requirement of a written report under Fed R Civ Proc Rule 26(a)(2)(B), by definition "applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician can be deposed or called to testify at trial without any requirement for a written report." See Advisory Committee Notes to Rule 26(a)(2)(B). However, it should be noted that this expert is

expected to opine that the accident of August 22, 2004 caused injury to the plaintiff's mid and upper back. As Dr. Luster's records reflect, he was the primary care physician for Eugene Kelley for his treatment at Military medical providers, he also referred Mr. Kelley out for additional treatment to other providers within the military medical system.

Dr. Luster will opine that the August 22, 2004, incident caused a permanent injury to the plaintiff, which has significantly impaired him. Dr. Luster will testify concerning the mechanism of injury, causation, diagnosis, prognosis, medical necessity, permanency, and that the medical bills which plaintiff incurred and will incur were reasonable and necessary expenses caused by the August 22, 2004 incident.

   B)  The basis and reasons for the opinions.

Dr. Luster who has managed the plaintiff's medical care and treatment following the August 22, 2004 incident has outlined the basis and reasons for his medical opinions in his progress notes and operative reports.

   C)  The data relied upon in forming any opinion.

The data upon which Luster's opinions were formed are based upon his examinations, care and treatment, diagnostic studies, observation during surgery and management of the plaintiff's condition.

   D)  Any exhibits to be used.

This expert reserves the right to utilize enlargements of the diagnostic studies and films, scans, including both the two dimensional films and 3D CT Scan imaging, portions of medical records compiled upon the plaintiff, anatomical models of the injured portions of the body, and other materials, such as medical illustrations which would aid the trier of fact in understanding the nature of the plaintiff's bodily injuries.

   E)  The expert's qualifications, which includes a list of publications authored by the expert in the last ten years.

   A copy of the *Curriculum Vitae* of Christopher Luster, MD, will be provided.

   F)  Compensation, which the expert will receive.

   Dr. Luster's charges for professional will be provided.

   G)  Listing of other cases in which the proposed expert testified either at trial or by deposition within the last four years.

   The requirement for disclosure of "other cases" under Fed R Civ Proc Rule 26(a)(2)(B), by definition "applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."

               /s/
                Kara Kristie Bennis, # 480808
                Wingfield & Ginsburg, P.C.
                700 5th Street, NW
                Suite 300
                Washington, DC 20001
                (202) 789-8000
                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 17th day of June, 2008 to:

Nicoholas L. Phucas
Assistant General Counsel-WMATA
600 Fifth Street, NW
Washington, DC 20001

                                    /s/
                              Kara Kristie Bennis, Esq.