# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EUGENE KELLEY
180 Meadowsridge Way
Port Angeles, WA 98362

     Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 5th St., N.W.
Washington, D.C.  20001

     Defendant.

Case No. 07-1891(RMU)

---

## DEFENDANT WMATA'S MOTION TO COMPEL

Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), by counsel, and pursuant to Federal Rule of Civil Procedure 37(a), hereby files this Motion to Compel, and states as follows:

1.  The Plaintiff herein claims personal injuries and damages as a result of a motor vehicle accident involving his vehicle and a WMATA bus on August 22, 2004.  Plaintiff claims physical injuries, medical expenses, psychological injuries and further claims the accident led to his discharge from the United States Armed Forces.

2.  That on December 3, 2007, more than 9 months ago, Defendant WMATA served interrogatories and requests for production of documents upon counsel for the Plaintiff.  (See EXHIBIT 1).

## I. Medical Records, Medical Bills and Itemized Damages

3.  After receiving Plaintiff's discovery responses, counsel for Defendant WMATA sent correspondence to counsel for the Plaintiff on April 10, 2008, highlighting deficiencies therein and informing her that a motion to compel would be filed if the deficiencies remained. (See EXHIBIT 2).

4.  Specifically, Plaintiff was asked to supplement his answer to Defendant's interrogatory #26, which asked for an itemized statement of monetary claims and damages.  Additionally, Plaintiff was asked to supplement his response to Defendant's request for production of documents #6, which requested all medical records and bills related to his claim.  (See EXHIBIT 2).

5.  Although Plaintiff's answer to Defendant's interrogatory #26 conceded that it was incomplete due to the fact that Plaintiff's treatment was ongoing, the answer has never been supplemented.  The total amount of damages listed in Plaintiff's answer to interrogatory #26, was $2,752.49.  All of those bills were incurred within two months of the accident that is the subject of this litigation.

6.  Although counsel for Plaintiff provided a supplemental document production on June 18, 2008, it was completely insufficient to allow Defendant to ascertain the amount of monetary damages being claimed by the Plaintiff.

7.  Although Plaintiff's supplemental document production provided some additional medical records, it shed little if any light on Plaintiff's special damages, as it contained 1) a health insurance claim form (not a bill) for treatment on February 14, 2005 ($34.08), 2) a health insurance claim form (not a bill) for

treatment on August 9, 2005 ($240.28), 3) a updated total of medical treatment from the Department of the Army that increased the total of his initial treatment at Andrew Rader U.S. Army Health Clinic from $1,860.95 to $2,132.36, with the most recent date of treatment reflected as October 7, 2005, 4) a stack of computer print-outs, with hand written numbers, apparently meant to reflect a bill for services, with most recent date being August 12, 2005, 5) a health insurance claim form (not a bill) for treatment on August 25, 2005, 6)  a health insurance claim form (not a bill) for treatment on May 25, 2005 ($130.99), and 7) an illegible bill from August 11, 2005 ($48.84) and a health insurance claim form (not a bill) from the same date ($58.12).

8.  Plaintiff's supplemental document production does not allow the Plaintiff to determine the Plaintiff's itemized damages with any confidence because 1) it contains no documentation of any kind beyond October 7, 2005, despite the fact that Plaintiff stated in his answers to interrogatories, served in early 2008, that he was still treating (See EXHIBIT 3), 2) the bills are in an unreliable form with handwritten numbers that do not allow the Defendant to properly ascertain the amount of damages, and 3) in some instances, health claim forms are provided in lieu of bills.

9.  Although the Defendant has received some medical records and bills via subpoena, Defendant is not able to ascertain independently which records and bills the Plaintiff is claiming to be related to the accident as some are clearly or possibly unrelated to the accident in question.

10.  On May 6, 2008, counsel for Defendant hand-delivered correspondence to counsel for Plaintiff, and the issues were discussed at that time, pointing out the need to expeditiously move to obtain the Plaintiff's military records and medical records that may be in the possession of the U.S. Government or located outside the local Washington, D.C. area.  (See EXHIBIT 4).  In that correspondence, counsel for Plaintiff was advised that the provision of releases in no way relieved the Plaintiff of a duty to produce records related to his military service and medical treatment history, as no one was in a better position that the Plaintiff to obtain his own records.

11.  Additionally, on July 22, 2008, counsel for Defendant sent correspondence to counsel for Plaintiff informing her that a motion to compel would be filed if her client's discovery deficiencies were not addressed promptly.  (See EXHIBIT 5).

12.  Despite these good faith efforts, Plaintiff's discovery responses pertaining to his itemized damages, medical records and bills remain deficient as discussed above.

### II. Psychiatric and Psychological Treatment Records

13.  After receiving Plaintiff's discovery responses, counsel for Defendant WMATA sent correspondence to counsel for the Plaintiff on April 10, 2008, highlighting deficiencies therein and informing her that a motion to compel would be filed if the deficiencies remained. (See EXHIBIT 2).

14.  Specifically, Plaintiff was asked to supplement his response to

Defendant's request for production of documents #6, which requested all psychiatric and psychological treatment records related to his claim.  (See EXHIBIT 2).

15.  On May 6, 2008, counsel for Defendant hand-delivered correspondence to counsel for Plaintiff, and the issues were discussed at that time, pointing out the need expeditiously move to obtain the Plaintiff's records that may be in the possession of the U.S. Government.  (See EXHIBIT 4).  In that correspondence, counsel for Plaintiff was advised that the provision of releases in no way relieved him of a duty to produce records related to treatment that may be in the possession of the U.S. Government, as no one was in a better position that the Plaintiff to obtain his own records.

16.  Additionally, on July 22, 2008, counsel for Defendant sent correspondence to counsel for Plaintiff informing her that a motion to compel would be filed if her client's discovery responses were not addressed promptly.  (See EXHIBIT 5).

17.  To date, despite good faith efforts, Defendant has received no psychiatric or psychological treatment records of the Plaintiff.

### III.  Military Service Records

18.  After receiving Plaintiff's discovery responses, counsel for Defendant WMATA sent correspondence to counsel for the Plaintiff on April 10, 2008, highlighting deficiencies therein and informing her that a motion to compel would be filed if the deficiencies remained. (See EXHIBIT 2).

19. Specifically, Plaintiff was asked to supplement his response to Defendant's request for production of documents #20, which requested all records of any kind related to his service in the United States Armed Forces. (See EXHIBIT 2).

20. On May 6, 2008, counsel for Defendant hand-delivered correspondence to counsel for Plaintiff, and the issues were discussed at that time, pointing out the need expeditiously move to obtain the Plaintiff's military service records. (See EXHIBIT 4). In that correspondence, counsel for Plaintiff was advised that the provision of releases in no way relieved him of a duty to produce records related to his military service that may be in the possession of the U.S. Government, as no one was in a better position that the Plaintiff to obtain his own records.

21. Additionally, on July 22, 2008, counsel for Defendant sent correspondence to counsel for Plaintiff informing her that a motion to compel would be filed if her client's discovery responses were not addressed promptly. (See EXHIBIT 5).

22. Although Defendant has received records concerning medical treatment rendered to the Plaintiff while he was in the military and records concerning his disability claim processed by the Veteran's Administration after his discharge, which contained a one page certificate of release from active duty, to date, despite good faith efforts, Defendant has not received any records related to Plaintiff's military service.

23. That Defendant has been prejudiced by Plaintiff's failure to provide

complete discovery responses as outlined above.

WHEREFORE, Defendant WMATA respectfully requests that this Court enter an order requiring the Plaintiff to provide complete discovery responses within ten (10) days, or be subject to sanctions.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

_____/s/_____

Nicholas L. Phucas, #475163
Assistant General Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2886
nlphucas@wmata.com

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Motion to Compel and proposed Order,

along with attachments was served electronically, via First-Class U.S. Mail and

Facsimile this 7th August 2008, to:

Kara Kristie Bennis, #480808
Wingfield & Ginsburg, P.C.
700 5th Street, N.W.
Suite 300
Washington, D.C. 20001

_____/s/_____

Nicholas L. Phucas

## CERTIFICATE PURSUANT TO RULE 37(a)(2)(A)

I, the undersigned, hereby certify that good faith efforts were made to secure the aforementioned discovery without court intervention.  Those efforts included correspondence (attached as exhibits to this motion) and face to face meeting with counsel.  Furthermore, counsel for defendant, with limited success, attempted to obtain the discovery from persons other than the plaintiff.


_____/s/_____
Nicholas L. Phucas

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EUGENE KELLEY
180 Meadowsridge Way
Port Angeles, WA 98362

        Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 5th St., N.W.
Washington, D.C.  20001

        Defendant.

Case No. 07-1891(RMU)

## ORDER

Upon consideration of Defendant's Motion to Compel, and any opposition thereto, it is this _____ day of _____, 2008, hereby,

ORDERED, that Defendant's motion be, and hereby is, GRANTED, and it is further

ORDERED, that Plaintiff provide complete answers and/or responses to Defendant's Interrogatory #26, and Requests for Production of Documents #6 and #20, within ten (10) days of this order or be subject to sanctions

_____
Judge Ricardo M. Urbina

copies to:

Nicholas L. Phucas
WMATA, Office of General Counsel
600 5th Street, NW
Washington, DC 20001


Kara Kristie Bennis
Wingfield & Ginsburg, P.C.
700 5th Street, N.W.
Suite 300
Washington, D.C. 20001

# EXHIBIT
# 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EUGENE KELLEY
180 Meadowsridge Way
Port Angeles, WA 98362
        Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 5th St., N.W.
Washington, D.C. 10002

        Defendant.

Case No. 07-1891

---

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on December 3, 2007, I served on all parties hereto a copy of Defendant Washington Metropolitan Area Transit Authority's Interrogatories and Requests for Production of Documents to Plaintiff, and that I will retain the original of these documents in my possession, without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Nicholas L. Phucas, Esq. #475163
Assistant General Counsel-WMATA
600 Fifth Street, N. W.
Washington, D.C. 20001
(202) 962-2886

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Certificate Regarding Discovery was mailed, postage prepaid this 3rd day of December 2007 to:

Kara K. Bennis, Esquire
J.E. Wingfield & Associates
700 Fifth Street, N.W.
Suite 300
Washington, D.C.  20001

Nicholas L. Phucas, #475163

# EXHIBIT 2



Nicholas L. Phucas
Assistant General Counsel
Tel. (202) 962-2886
Fax (202) 962-2550
NLPhucas@wmata.com

April 10, 2008

Kara Bennis, Esquire
David Ginsburg, Esquire
700 5th Street, NW
Washington, DC 20001

     Re:   <u>Eugene Kelley v. WMATA</u>

Dear Counsel:

     Please accept this correspondence as a good faith effort to resolve a discovery dispute without Court intervention. In light of the fact that your client lives in Port Angeles, Washington, and based on your prior representation that you don't expect him to be available for examination or further depositions after April 23, 2008 (the date upon which he is currently scheduled to be deposed here in Washington, D.C.), I hereby demand that you provide complete discovery by the close of business on April 20, 2008. In the event you don't provide complete discovery responses by that date, I will file a motion to compel. Furthermore, I will insist that you client return for additional depositions and examinations if necessary. In any event, I reserve the right to have your client appear, after April 23, 2008, for deposition and/or examination, in Washington, D.C., as it is unreasonable to expect that I can conduct all examinations and evaluations in one day.

     In reviewing your discovery responses, I note the following deficiencies:

### INTERROGATORIES

Interrogatory #7: Describe your itinerary immediately prior to the occurrence including, within whom you were traveling, the time and plac3e your trip began, the reason for the trip, your destination and expected time of arrival.

**Washington
Metropolitan Area
Transit Authority**

600 Fifth Street, NW
Washington, DC 20001
202/962-1234

By Metrorail:
Judiciary Square—Red Line
Gallery Place-Chinatown—
Red, Green and
Yellow Lines
By Metrobus:
Routes D1, D3, D6, P6,
70, 71, 80, X2

*A District of Columbia,
Maryland and Virginia
Transit Partnership*



Answer: Plaintiff was coming from the Army Post and on his way to meet up with a friend at Checkers in Washington, D.C. The Plaintiff is not aware of the address of the Checkers that he was enroute to.

Deficiency: Please state with more specificity as to where your trip began by providing the address of the "Army Post." Furthermore, state the time your trip began, your expected time of arrival and, if you don't know the address of the Checkers restaurant to which you were headed, please state its general location. Finally, please provide the name of the person you were intending to meet and your expected time of arrival.

Interrogatory #17: If you contend that you sustained any injuries of any kind whatsoever as a result of the incident giving rise to your claim, including psychiatric or psychological injuries, describe with precision the nature, location extent and duration of all such injuries, and if you have any present complaints on account of injuries received in the occurrence, and state in detail the nature of such present complaints.

Answer: Please see attached medical records.

Deficiency: Based on the fact that the records provided are clearly incomplete, an answer to this interrogatory can not be ascertained by reference thereto. For example, answers to other interrogatories indicate he is still treating; however, the most recent medical records provided are from 2005 and obviously incomplete. Furthermore, no provider from Plaintiff's locality has been identified. Also, no records have been provided concerning and psychiatric or psychological treatment. As such, I will assume this is not part of his claim.

Even if the Plaintiff provided all requested medical records, he still needs to answer this question in narrative form, as the burden of deriving the answer from those records are not the same for the Plaintiff and Defendant. Furthermore, portions of Interrogatory #17 can not be derived from medical records.

Interrogatory #18: If your Answer to Interrogatory 17 was the affirmative, please identify all injuries received in the incident which you claim are permanent, and the basis of any such claim(s). If you claim any permanent scars, disfigurement, or other cosmetic defects, present or potential as a result of the incident, describe in detail the area of the body affected, the

**Washington Metropolitan Area Transit Authority**

600 Fifth Street, NW
Washington, DC 20001
202/962-1234

By Metrorail:
Judiciary Square—Red Line
Gallery Place-Chinatown—
Red, Green and
Yellow Lines
By Metrobus:
Routes D1, D3, D6, P6,
70, 71, 80, X2

A District of Columbia,
Maryland and Virginia
Transit Partnership

approximate dimension of the area, the name and address of any person who has taken any photographs showing the injury, when take, and the name and address of the person who has custody of any such photographs. Please also indicate whether any doctor gave you a temporary or permanent disability rating regarding any injuries you claim you sustained as a result of the subject incident and please give the name and address of the doctor, what the rating covers, when the rating was made, the percentage of rating and the reason(s) given therefore.

Answer: Plaintiff received a disability rating from the Veterans Administration, he received a disability rating 20% for physical disability and 10% was emotional/mental disability.  This will be provided.

Deficiency: This Interrogatory is essentially unanswered expect for the mention of disability ratings and even in that case no specific information is given concerning those ratings.  Furthermore, this interrogatory indicates that something "will be provided."  What ever this is referring to, it must be provided immediately.

Interrogatory #19: Identify each hospital, physician, surgeon, osteopath, chiropractor, physician therapist, psychologist, psychiatrist, counselor or other medical practitioner or facility that/who has examined you or rendered treatment to you as a result of injuries you claim to have sustained in this incident.  For each entity or care provider identified, state date(s) of each such examination and/or treatment, and state whether you were an in-patient or an out-patient and the specific injuries, conditions or complaints for which you were examined and/or treated on each occasion; and describe the specific care and/or treatment given or prescribed on each occasion, including any tests, x-rays, surgery, therapy, or medication.

Answer: Please see attached medical records.

Deficiency: For the reasons stated concerning Interrogatory #19, this interrogatory answer is deficient.

Interrogatory #23: Name all health care providers (including but not limited to physicians, osteopaths, chiropractors, psychologists, psychiatrists, therapists and nurses) other than those previous identified, who have examined or treated you for a substantial injury, disability, or illness during the past ten (10) years and the approximate dates and nature of such examinations or

treatment.

Answer: Plaintiff normally treats with Dr. Richard Dixon, Solduc Clinic in Forks, Washington.  Plaintiff has treated with Dr. Dixon since he was nine years old.  Plaintiff has also treated with several military doctors, however, he is unable to remember the names of the doctors - the doctors were at Fort Meyers Virginia while he was stationed there.  He treated there for routine physical's and illness.

Deficiency: Please provide a address and phone number for Dr. Dixon.

Interrogatory #26: Give an itemized statement of all items of monetary loss or damage incurred to date as a result of the incident giving rise to your claim, including hospitals, doctors, nurses, x-rays, medicines, care, appliances, transportation, property damage the amount, if any, that has been paid; and when and by whom payment was made.  With regard to any claim of lost wages, please include in your itemization the identify of the employer from which the wages were lost, and the dates ad amounts of wages lost, and the method by which you computed the amount, the figures used in that computation, and the facts and assumptions upon which our claims is based.

Answer:        Andrew Rader Health Clinic..............................$1,860.95
                    D.C. Treasurer/Dept of Emergency Ambulance......268.00
                    Faculty Practice Plan.................................................120.00
                    Howard University Hospital - Billing Dept.................503.54
                    Subtotal for Medical Bill.....................................$2,752.49
                    Grand Total.......................................................$2,752.49*
                    *Plaintiff is still treating and his medical bills will be updated
upon receipt by Plaintiff's counsel.

Deficiency: On its face this answer is deficient as it indicates that additional medical bills will be provided.  These must be provided immediately.

Interrogatory #27: With respect to each of the past three (3) years, state your yearly gross income and yearly net income as reported on your Federal Income Tax Returns and papers pertaining to your income.

Answer: This will be provided prior to trial.

Deficiency: This information must be provided immediately.

Interrogatory #28: If you have received any compensation or any other benefits in any form as a result of the occurrence, including but not limited to (1) settlement of any claim against a tortfeasor; (2) worker's compensation benefits; (3) disability benefits; (4) health insurance benefits; (5) Medicare or Medicaid benefits, please provide the following information:

    (a)    The identify of the payor(s) of said benefits
    (b)    The nature of the payment(s) (e.g. worker's compensation, disability benefit, etc.)
    ( c)    The amount of the payment(s) to date
    (d)    All claim number(s) assigned to your claim(s) by the payor(s)
    (e)    Whether each such payor has notified you of an intention to exercise a lien against your claims herein.

Answer: Plaintiff has collected disability benefits from the Veterans administration, he has been receiving benefits from March, 2006 to current at the rate of $330/month. The Plaintiff is still receiving these benefits. The other information pertaining to this payment is being complied and will be provided prior to trial.

Deficiency: To the extent this answer provides no claim number and provides no response to the portion of the question concerning liens, it must be supplemented.

Interrogatory #30: Identify each and every employer you have had for the past five (5) years, indicating for each employer your job duties, the name of your immediate supervisor, and your reason for leaving any employment. Include in your answer a complete discussion of the facts, circumstances and reasons for your separation from military service.

Answer: Plaintiff is currently employed by Westport Shipyard, Plaintiff has worked there for three months from December, 2007 to current. Plaintiff works as a laborer, his supervisor is Mark Schott. Prior to that Plaintiff worked for Al Lago as a chef, he worked there for three months, from May, 2007 - August 2007, he left that position when he moved back to his home town. Prior to that Plaintiff worked at Home Depot for two months, from February 2007 - April 2007, he left because of pain in his back as a result of this accident and school. Prior to that Plaintiff worked at Okasan Teriyaki, Plaintiff worked as a sushi Chef, he was there from January 2006 - January 2007, he left this position due to a conflict with the manager. Plaintiff worked

for Peninsula Community Mental Health for one day in November, 2005 – he was discharged from this position for sleeping on the job. The Plaintiff was employed with the U.S. Army from January 23, 2003 through the date of his discharge on August 28, 2005.

Deficiency: Plaintiff fails to discuss the facts, circumstances and reasons for his separation from military service.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

Request #1: Please produce all documents that in any way support your Answers to the Interrogatories served wherewith, or that were identified therein.

Response: Attached.

Deficiency: Plaintiff has not provided documentation to support his disability ratings or continued medical treatment and expenses. Furthermore, he has not provided documentation to support his receipt of disability payments.

Request #2: Your federal and state income taxes for the past five years.

Response: This will be provided prior to trial.

Deficiency: Not provided.

Request #5: Please produce copies of all radiograms (X-rays, MRI's CAT scans, etc.) that have been taken within the last ten (10) years of any part of our body that you claim has been injured as a result of the incident that is the subject of this action (Advise WMATA if there is a cost associated with the copying of same.) Please identify the name, address and telephone of all health care providers who either ordered such radiograms and/or have them in their possession. If you are no longer in possession of any such file, give the date and identify the provider who ordered the radiogram and the provider who performed same.

Response: This will be provided prior to trial.

Deficiency: Not provided.

Request #6: Please produce any and all medical, psychiatric and psychological records (including, but not limited to, medical reports, hospital reports, laboratory reports, x-rays reports, or other written statements or reports relative to any diagnosis, treatment or prognosis of an injury, complaint or conditions) and bills relating in any way to the injuries that you claim you suffered as a result of the incident mentioned in the Complaint.

Response: Attached.

Deficiency:  Incomplete.  Plaintiff concedes in his answers that he is still treating, but has provided no records and has identified no providers. Furthermore, no records concerning psychological or psychiatric treatment have been provided.  As such, I will assume that is not part of his claim.

Request #7: Please produce any and all medical, psychiatric and psychological records (including, but not limited to, medical reports, hospital reports, laboratory reports, x-ray reports, or other written statements or reports relative to any diagnosis, treatment or prognosis of an injury, complaint or conditions) and bills relating to any injury, condition or illness suffered by you (other than those claimed to have resulted from the occurrence which is the subject of this lawsuit) within the past ten (10) years. If you are not in possession of your medical psychiatric and psychological records, identify the medical care provider, and state the dates of treatment.

Response: This will be provided prior to trial.

Deficiency: Not provided.

Request #15:  Produce each periodical, book or other such document which you claim support contentions to be made at trial by you or any our behalf through expert witness or otherwise.

Response: This will be provided prior to trial.

Deficiency: Not provided.

Request #16: Please produce any and all applications for benefits of any kind arising from this incident, including but not limited to workers' compensation benefits, health insurance benefits, PIP and/or Med-Pay benefits and disability benefits.

Response: This will be provided prior to trial.

Deficiency: Not provided.

Request #17: Please produce any and all explanations of benefits by any provider of benefits reference in your response to Interrogatory 28 or the previous Report.

Response: Attached.

Deficiency: Not provided.

Request #20: Please produce any and all records relating to your service in the United Statement Armed Forces, including, but not limited to, all records relating to your separation duty stations, discipline, deployments, evaluations, promotions demotions, reprimands, your fitness to serve, and period of disability, any medical or psychiatric treatment or evaluations, or any other documents, including your personnel file, relating to the claims or defenses raised in this action.

Response: This will be provided prior to trial.

Deficiency: Not provided.

Please contact me to discuss a resolution of these issues. Because most of the relevant records are in the possession of the U.S. Armed Forces, I expect obtaining them myself will be difficult and cumbersome; whereas, your client has access to his own records and could obtain them expeditiously so as to allow this case to move forward. The burden can not be placed on me to document your client's claims and fulfill his obligations under the discovery rules.

Very truly yours,

Nicholas L. Phucas

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EUGENE KELLEY**

Plaintiff,

v.

**Case No. 07-1891**

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY (WMATA)**

Defendants

---

## PLAINTIFF EUGENE KELLEY'S ANSWERS TO DEFENDANT WMATA'S INTERROGATORIES

TO:  WMATA, Defendant
    c/o: Nicholas L. Phucas., Esquire

FROM: Eugene Kelley, Plaintiff
    c/o: Kara K. Bennis, Esq.

The Plaintiff, Eugene Kelley, by and through counsel, Kara Kristie Bennis, answers the Interrogatories of the Defendant as follows:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party, its agents, representatives and attorneys unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

1.  State your full name, age, date and place of birth, social security number and marital status. If you have ever used any other names please list them, and state where and when you used each such name.

**ANSWER:**

names of the doctors – the doctors were at Fort Meyers Virginia while he was stationed there. He treated there for routine physical's and illnesses.

24.    State whether prior or subsequent to the occurrence you have sustained any accidental injury for which you received medical care or treatment, including psychiatric or psychological treatment. If so, describe the date, place and circumstance of each accidental injury and identify all health care providers, including hospitals and other institutions, that furnished care to you in those accidents, the nature and extent of recovery, and, if any permanent disability was suffered, the nature and extent of the permanent disability and if you were compensated in any manner for any injury, state the names and addresses of each and every persons or organizations paying such compensation and the amount thereof.

**ANSWER:**    None.

25. State whether you have ever previously filed a claim or lawsuit against any person or entity, including a Workers' Compensation claim, and, if so, the name of the person or entity against whom such claim or suit was filed, the date, the name of the court in which any suit was filed and the civil action number and the disposition or resolution of any such claim or suit.

**ANSWER:**    None.

26.    Give an itemized statement of all items of monetary loss or damage incurred to date as a result of the incident giving rise to your claim, including hospitals, doctors, nurses, x-rays, medicines, care, appliances, transportation, property damage and all other expenses, including loss of wages or income For each such expense state: the amount, if any, that has been paid; and when and by whom payment was made. With regard to any claim of lost wages, please include in your itemization the identity of the employer from which the wages were lost, and the dates and amounts of wages lost, and the method by which you computed that amount, the figures used in that computation, and the facts and assumptions upon which your claim is based.

**ANSWER:**

Andrew Rader Health Clinic..........................................................$1,860.95
D C Treasurer/Department of Emergency Ambulance.....................$268.00
Faculty Practice Plan.......................................................................$120.00
Howard University Hospital - Billing Dept. .....................................$503.54

**Subtotal for Medical Bill** ................................................................................**$2,752.49**
**Grand Total**                                                    **$2,752.49\***

*Plaintiff is still treating and his medical bills will be updated upon receipt by Plaintiff's counsel.*

      27.    With respect to each of the past three (3) years, state your yearly gross income and yearly net income as reported on your Federal Income Tax Returns and state the name and address of the person, firm, or corporation having custody of any papers pertaining to your income.

**ANSWER:.**   This will be provided prior to trial.

      28.    If you have received any compensation or any other benefits in any form as a result of the occurrence, including but not limited to: (1) settlement of any claim against a tortfeasor; (2) worker's compensation benefits; (3) disability benefits; (4) health insurance benefits; (5) Medicare or Medicaid benefits, please provide the following information:

      (a)    The identity of the payor(s) of said benefits

      (b)    The nature of the payment(s) (e.g., worker's compensation, disability benefit, etc.)

      (c)    The amount of the payment(s) to date

      (d)    All claim number(s) assigned to your claim(s) by the payor(s)

      (e)    Whether each such payor has notified you of an intention to exercise a lien against your claims herein.

**ANSWER:**   Plaintiff has collected disability benefits from the Veterans administration, he has been receiving benefits from March, 2006 to current at the rate of $330.00/ month. The Plaintiff is still receiving these benefits. The other information pertaining to this payment is being compiled and will be provided prior to trial.

      29.    If you have entered into any agreement or understanding, or if you have received any commitment of any kind, whether oral or written, whereby any of your claims for injury or loss arising from the incident alleged in your Complaint will be fully or partially settled, identify and describe:

      a)    The name of the person(s) with whom you have entered into agreement or who have made said commitment;

I hereby affirm under the penalties of perjury that the contents of the foregoing affidavit are true to the best of my knowledge, information and belief.

Eugene Kelley

LAW OFFICES OF
J.E. WINGFIELD & ASSOCIATES, P.C.

David Ginsburg
J.E. Wingfield & Associates
700 5th St, NW, #300
Washington, D.C. 20001
(202) 789-8000
Attorney for Plaintiff

# EXHIBIT

# 4



Nicholas L. Phucas
Assistant General Counsel
Tel. (202) 962-2886
Fax (202) 962-2550
NLPhucas@wmata.com

May 6, 2008

HAND-DELIVERED

Kara Bennis, Esquire
700 5th Street, NW
Washington, DC 20001

   Re: <u>Eugene Kelley v. WMATA</u>

Dear Ms. Bennis:

  Per or conversation this morning, I intend to meet with you this afternoon to discuss the various releases you are holding that were executed by Mr. Kelly. In light of the fact that your client has again postponed his deposition, it becomes even more important that we proceed with gathering his medical and military history immediately. To that end, I have created labels, *with the information currently available to me*, which should be affixed to copies of the release I provided for your client's signature. I will bring them to your office this afternoon.

  Although a release directed to Howard University is likely to cause records to be produced, a release directed to a military doctor, clinic or hospital, the VA, or the Department of the Army for that matter, is less likely to bear fruit. As such, your client must execute the Request for Information Needed to Locate Medical Records and the SF 180 so that I can proceed with obtaining his medical records and treatment history. As you may be aware, persons in the military can be referred out to private physicians on a contractual basis. As such, the actual medical records may not be kept at any military installation. Thus the need to proceed with the aforementioned form. Furthermore, I need to proceed with obtaining his general military records as they also are relevant to claims asserted in this suit.

  I think we are in agreement that obtaining documentation concerning

Washington
Metropolitan Area
Transit Authority

600 Fifth Street, NW
Washington, DC 20001
202/962-1234

By Metrorail:
Judiciary Square—Red Line
Gallery Place-Chinatown—
Red, Green and
Yellow Lines
By Metrobus:
Routes D1, D3, D6, P6,
70, 71, 80, X2

A District of Columbia,
Maryland and Virginia
Transit Partnership

your client's medical history is complicated by the fact that much or all of his medical treatment has taken place while he was in the military, or outside of the Washington Metropolitan area. Furthermore, I think we can agree that there will be obstacles to overcome in order to obtain his general military history and records. That being said, no one is in a better position to obtain that history than your client. As his counsel, please direct and assist him to this end.

I will assume, unless you indicate otherwise, that you have a mutual interest in obtaining the aforementioned documents, which will be necessary to support and document your client's various claims. To the extent you provide releases and assist in obtaining documents concerning your client's medical, psychological and military history, please understand that this in no way releases you of your duty to provide complete discovery responses. This is particularly true in light of the fact that these records are held out of state and/or by the U.S. Government.

I suggest that we proceed immediately with this initial attempt to gather the aforementioned documents with the understanding that discovery is lacking in that I have not had the opportunity to resume your client's deposition and that you have provided only a small supplement in response to my voluminous correspondence of April 10, 2008, in which I point out your client's discovery deficiencies.

I appreciate your anticipated cooperation.

Very truly yours,

Nicholas L. Phucas

# EXHIBIT
# 5



Nicholas L. Phucas
Assistant General Counsel
Tel.  (202) 962-2886
Fax (202) 962-2550
NLPhucas@wmata.com

July 22, 2008

Kara Bennis, Esquire
Wingfield & Ginsburg, P.C.
Suite 300
700 5th Street, NW
Washington, DC 20001

   Re: <u>Eugene Kelley v. WMATA</u>

Dear Ms. Bennis:

  On April 10, 2008, I sent correspondence to your attention outlining your client's discovery omissions.  Additionally, I hand-delivered correspondence to your attention urging you to have your client obtain records related to his general military service and any psychological treatment he underwent.  To date, your client's discovery responses remain deficient.  In the event these deficiencies are not remedied expeditiously, I will be left no option but to file a motion to compel. Furthermore, I will seek an order barring your client from asserting claims he has failed to properly document.

  To date, I have not received your client's service records.  I have received records concerning medical treatment he received while in the military and records from the VA, which included a one page certificate of release from active duty.  However, I have not received his service records.  Although you have provided various releases, this does not relieve you of the duty to produce records relevant to his claims.  As I previously pointed out, your client has special access to his own records. Despite submitting a request to the U.S. Armed Forces, I have received nothing.

Washington
Metropolitan Area
Transit Authority

00 Fifth Street, NW
hington, DC 20001
202/962-1234

By Metrorail:
ciary Square—Red Line
ery Place-Chinatown—
Red, Green and
Yellow Lines
By Metrobus:
outes D1, D3, D6, P6,
70, 71, 80, X2

District of Columbia,
Maryland and Virginia
Transit Partnership

To date, I have not received any of your client's psychological treatment records. Letters from physicians stating that your client is in treatment are not treatment records. Furthermore, IME's conducted by the VA are also not treatment records.

Finally, please supplement your answer to Interrogatory #26, itemizing all items of monetary loss that you client is claiming in this matter. Your recent production of printouts with hand written totals are extremely difficult to decipher. As it stands, I lack the ability to ascertain your clients special damages.

From the outset, I have expressed concern about obtaining your client's military records, out of state treatment records, psychological treatment records, etc. To that end, I have done everything in my power to obtain these records. Notwithstanding, I have not received all of the aforementioned documents. The burden is on your client to produce these records.

Very truly yours,

Nicholas L. Phucas